ARTHUR S. KELLEY *vs.* BOSTON, REVERE BEACH AND
LYNN RAILROAD COMPANY.

Essex.   December 9, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Invited person.   *Passenger.   Trespass.*

One, intending to board a railroad train, standing at a station and across
a public way upon which he was approaching it and having a plat-
form gate on a car open on the side toward him, must be found guilty
of contributory negligence as a matter of law where it appeared that
the station was on the other side of the train from him and, to get
to the train, he passed under crossing gates which had been lowered
by the railroad corporation's gateman and, as he crossed an interven-
ing track, he was struck by a train thereon: even if an invitation to
take the train from the wrong side might have been implied in some
circumstances owing to the open gate of the car platform, which was
not decided, the lowered crossing gates showed that there was no
invitation to him to enter the station premises in that manner; and
he was not a passenger or rightfully thereon.

TORT for personal injuries.   Writ dated November 1,
1927.

In the Superior Court, the action was tried before *Green-
halge*, J.   Material evidence is stated in the opinion.   A
verdict for the plaintiff in the sum of $2,500 was recorded
subject to leave reserved under G. L. c. 231, § 120, and the
judge thereafter ordered the entry of a verdict for the de-
fendant.   The plaintiff alleged exceptions.

*E. C. Jacobs*, for the plaintiff.

*S. Parsons*, for the defendant.

WAIT, J.   The plaintiff was injured at a grade crossing
in Lynn as he was purposing to take a train of the defendant
which was standing or just beginning to move toward Bos-
ton after taking passengers aboard.   He was struck by a
train coming from Boston and coasting into the station at
the crossing as the Boston bound train was leaving.   He had
alighted from an automobile on Commercial Street and
walked toward the station where he saw the Boston bound

train drawing in on the track farthest away from him.    He saw the train stop with the first car across Commercial Street.    The platform gates of the cars were open on the side toward him and away from the station building.    He saw the crossing gates lowered across Commercial Street between himself and the train.    When about fifteen feet from the gates he gave, as he testified, "a casual glance" toward Boston but saw no train coming.    He passed under the crossing gates, kept on toward the train he was intending to take, and was hit, partly at least, from behind by the approaching train.    The gate tender was on the opposite side of the crossing.

The judge was right in ordering the entry of a verdict for the defendant under leave reserved pursuant to G. L. c. 231, § 120.    Even if an invitation to take the train from the wrong side might in some circumstances be implied owing to the open gates of the car platform (see *Palmer* v. *Boston & Maine Railroad*, 227 Mass. 493, 497), a point not decided, we think that here any invitation to the plaintiff is precluded by the lowered crossing gates.    They shut persons away from the train.    There is no circumstance indicating an invitation to passers on the street and beyond those gates to get upon the train or enter upon the station premises.    See *Clark* v. *Boston & Maine Railroad*, 164 Mass. 434.    The plaintiff knew they were down even if he could walk under them.    The plaintiff was not a passenger or rightfully upon the station premises.    Nor was he in the exercise of due care.    His glance toward Boston must have been careless.    The coming train must have been in sight.    One who in disregard of warning gates walks upon a crossing must use care commensurate with the danger.    *Slattery* v. *New York, New Haven & Hartford Railroad*, 203 Mass. 453.

*Exceptions overruled.*